# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAILEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINKUS ENTERPRISES, LLC.,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01407-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND ORDERING DEFENDANT TO SERVE SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS ON OR BEFORE JANUARY 31, 2022<br><br>ORDER MODIFYING SCHEDULING ORDER PURSUANT TO AGREEMENT OF THE PARTIES<br><br>(ECF Nos. 16, 23, 46) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Jessica Dailey's motion to compel Defendant LinkUs Enterprises, LLC, to provide supplemental responses to Plaintiff's requests for production of documents, sets one and two. For the reasons explained herein, Plaintiff's motion shall be granted to the extent Defendant shall be ordered to provide any supplemental responses and responsive documents not already provided to Plaintiff, on or before January 31, 2022. No attorneys' fees shall be awarded, and no sanctions shall be imposed against any party at this time.

///

## II.

## BACKGROUND

Since about 2002, Plaintiff was employed by Defendant as its Director of Communications. (Compl. ¶ 8.) On April 19, 2020, Plaintiff informed Defendant that she needed leave to care for her seven year old daughter who suffers from learning disabilities and her daughter's school and daycare had closed due to COVID 19. (Id. at ¶ 10.) Plaintiff was granted a two week leave which began on April 20, 2020. (Id.) On May 3, 2020, Plaintiff informed Defendant that she needed to continue her leave to care for her daughter given the indefinite extended school and daycare closures. (Id. at ¶ 11.) On May 4, 2020, Defendant denied Plaintiff's request for leave and terminated Plaintiff. (Id. at ¶ 12.) Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a right to sue letter dated July 9, 2020. (Id. at ¶ 6.)

On August 18, 2020, Plaintiff filed this action in the Superior Court of the State of California, County of Fresno alleging violations of the Fair Labor Standards Act and the Families First Coronavirus Response Act and California law. (Compl., ECF No. 1 at 5-20.) On October 2, 2020, Linkus Enterprises LLC ("Defendant") removed the matter to the Eastern District of California. (ECF No. 1.)

On December 2, 2020, the scheduling order issued setting deadlines in this matter. (ECF No. 14.) On December 18, 2020, Plaintiff served a request for production of documents, set one, on Defendant. (ECF No. 23 at 2.) On December 29, 2020, Plaintiff served a request for production of documents, set two, on Defendant. (Id.)[1] On May 10, 2021, Plaintiff filed a notice of motion to compel with a hearing set for June 2, 2021. (ECF No. 16.) On May 21, 2021, and June 21, 2021, at the stipulation of the parties, the hearing on the motion was continued. (ECF Nos. 19, 20, 21, 22.)

On July 8, 2021, the joint statement of discovery disagreement was filed. (ECF No. 23.) A video hearing on the motion was held on July 14, 2021. (ECF No. 24.) Counsel Charles

---

[1] The Joint Statement appears to mistakenly proffer the requests were set in December of *2021*, and the Court presumes Plaintiff issued the two sets of discovery in December of 2020.

1  Taylor appeared on behalf of Plaintiff, and counsel Melissa Cerro appeared on behalf of
2  Defendant. (Id.) Pursuant to the matters discussed at the hearing, the Court offered to hold
3  informal conferences with the parties to assist and make recommendations moving forward,
4  given the scope of the discovery requests and the complexity of the dispute as presented. The
5  motion to compel was to be held open during the period of time of the informal conferences.

6  The Court held its first informal conference on July 27, 2021, and continued the hearing
7  on the motion to compel until September 8, 2021. (ECF No. 27.) The Court held the second
8  informal conference on August 17, 2021, and continued the hearing on the motion to compel
9  until September 29, 2021. (ECF Nos. 28, 29.) The Court held the third informal conference
10 with the parties on September 24, 2021, and subsequently continued the hearing on the motion
11 to compel until October 27, 2021. (ECF No. 35.)

12 On October 12, 2021, pursuant to the parties' stipulation, the Court extended the
13 deadlines in the scheduling order in order to allow for Defendants to provide supplemental
14 responses to the Plaintiff's requests for production one and two. (ECF Nos. 36, 37.) On
15 October 14, 2021, pursuant to the parties' stipulation, the hearing on Plaintiff's motion to
16 compel was continued until November 10, 2021. (ECF No. 39.) On October 27, 2021, the
17 Court held a fourth informal conference with the parties to discuss the issues of the motion to
18 compel and supplemental production. (ECF No. 41.) The same date, the Court continued the
19 hearing on the motion to compel until December 15, 2021, however, the Court advised the
20 parties that no further extensions would be permitted at the October 27, 2021 conference. (Id.)
21 On November 9, 2021, the Court entered the parties' stipulated protective order covering the
22 discovery in this matter. (ECF Nos. 42, 43.)

23 On December 7, 2021, pursuant to the parties' stipulation, the Court continued the
24 hearing on the motion to compel until January 5, 2022, but reminded the parties of the previous
25 advisement on October 27, 2021, that no further extensions would be granted. (ECF No. 45.)
26 On December 29, 2021, the parties filed a supplemental joint statement regarding the motion to
27
28

compel. (ECF No. 46.)[2] On January 5, 2022, the Court held another hearing on the motion to compel. (ECF No. 47.) At the hearing, counsel Charles Taylor appeared on behalf of Plaintiff, and counsel Melissa Cerro and Christina Tillman appeared on behalf of Defendant. (Id.)

## III.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

As relevant here, Rule 34 of the Federal Rules of Civil Procedure provides that

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing

---

[2] In the joint statement Plaintiff states that Defendant's "actions have prejudiced Plaintiff by preventing her from preparing for trial or moving forward with the discovery process in any meaningful way, allowed for the destruction of meaningful ESI, and warrant an order of sanctions, at the court[']s discretion." (ECF No. 46 at 31.) At the January 5, 2022 hearing, Plaintiff's counsel stated Plaintiff is not seeking sanctions against Defendant through the motion to compel. In either regard, the Court finds the imposition of sanctions or award of attorneys' fees to be unwarranted at this point and based on the current record. See Fed. R. Civ. P. 37(a)(5)(A).

within 30 days after being served. . . ." Fed. R. Civ. P. 34(b)(2)(B).  A party's response "may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D).

Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).  The party opposing the discovery bears the burden of resisting disclosure.  Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

## IV.

## DISCUSSION

The following discovery requests and responses were described as the subject of the motion in the originally filed joint statement:  Request Nos. 5, 8, 14, 15, 20, 21, 22, 23, and 26, in Request for Production, Set One; and Request for Production Nos. 1, 2, and 3, in Request for Production, Set Two.  (ECF No. 23.)  As presented in the supplemental joint statement, it appears Plaintiff is now requesting the Court consider Defendant's responses to Requests for Production No. 19 pertaining to a litigation hold, which was not included in the original joint statement (although a supplemental response was provided); as well as Request for Production No. 6, also not included in the original joint statement, in relation to Request for Admission No. 4, and Special Interrogatory Nos. 5, 7, and 11; and Requests for Production Nos. 25 and 28, also not included in the original joint statement.  (ECF Nos. 23, 46 at 17-21.)  As discussed at the hearing, the Court is cognizant of the overlap between the interrogatories and the requests for admission in relation to the requests for production, however, given the motion to compel on sought compulsion of supplemental responses to the requests for production, this order only

1 appropriately addresses requests for production contained in the motion as filed.  The Court
2 finds the most prudent course of action is to order Defendant to provide supplemental responses
3 to all requests for production as consistent with the motion to compel, the joint statements, and
4 the four informal conferences, as such requests were narrowed and tailored through agreements
5 at such conferences or independent meet and confer discussions between the parties regarding
6 the scope of such requests, as understood in good faith by the parties at this juncture.

7       Accordingly, the Court shall grant Plaintiff's motion to compel and order Defendant to
8 produce any additional outstanding documents not yet produced, that are responsive to the
9 requests for production, consistent with the motion to compel, and as narrowed by the Court and
10 agreement of the parties, by January 31, 2022.

## V.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (ECF No. 16) is GRANTED;

2. On or before January 31, 2022, Defendant shall provide supplemental documents responsive and if necessary, any amendments to their responses, to Plaintiffs' requests for production in accordance with Plaintiff's motion to compel, this order, and the agreements made at the informal conferences and subsequent meet and confer concerning such specific requests;

3. No sanctions are imposed and no attorneys' fees are awarded;

4. Pursuant to the parties' agreement, the scheduling order is further modified as follows:

   A. Nonexpert Discovery Deadline: May 6, 2022;

   B. Expert Disclosure Deadline: May 27, 2022;

   C. Supplemental Expert Disclosure Deadline: July 1, 2022

   D. Expert Discovery Deadline: August 26, 2022;

   E. Dispositive Motion Filing Deadline: September 30, 2022;

   F. Pre-trial Conference: February 3, 2023, at 10:30 a.m. in Courtroom 2 before

United States District Judge Anthony W. Ishii; and

G. Trial: April 18, 2023, at 8:30 a.m. in Courtroom 2 before United States District Judge Anthony W. Ishii.

All other dates and aspects of the scheduling order, as previously modified, shall remain in effect.

IT IS SO ORDERED.

Dated: **January 6, 2022**

UNITED STATES MAGISTRATE JUDGE