# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>LINKUS ENTERPRISES, LLC,<br><br>    Defendant. | Case No. 1:20-cv-01407-AWI-SAB<br><br>ORDER RE: INFORMAL DISCOVERY DISPUTE<br><br>(ECF Nos. 56, 57, 59) |

On April 28, 2022, the parties filed a joint informal discovery dispute letter brief. (ECF No. 57.) The dispute involves certain written discovery responses to Plaintiff's request for production of documents (set three), special interrogatories (set two), and requests for admissions (set two), which Plaintiff contends are deficient. An informal videoconference was held on April 29, 2022, to address the dispute. Counsel Charles Taylor and Danielle Patch appeared for Plaintiff Jessica Dailey, and counsel Christina Tillman and Melissa Cerro appeared for Defendant. The Court notes this matter was conducted off the record; however, the parties were afforded an opportunity to place the matter on the record and no party requested to do so.

///

///

1

# I.

# BACKGROUND

Since about 2002, Plaintiff was employed by Defendant as its Director of Communications. (Compl. ¶ 8, ECF No. 1.) On April 19, 2020, Plaintiff informed Defendant that she needed leave to care for her seven-year-old daughter who suffers from learning disabilities and her daughter's school and daycare had closed due to COVID 19. (Id. at ¶ 10.) Plaintiff was granted a two-week leave which began on April 20, 2020. (Id.) On May 3, 2020, Plaintiff informed Defendant that she needed to continue her leave to care for her daughter given the indefinite extended school and daycare closures. (Id. at ¶ 11.) On May 4, 2020, Defendant denied Plaintiff's request for leave and terminated Plaintiff. (Id. at ¶ 12.) Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a right to sue letter dated July 9, 2020. (Id. at ¶ 6.)

On August 18, 2020, Plaintiff filed this action in the Superior Court of the State of California, County of Fresno alleging violations of the Fair Labor Standards Act and the Families First Coronavirus Response Act and California law. (ECF No. 1 at 5–20.) On October 2, 2020, Defendant removed the matter to the Eastern District of California. (ECF No. 1.)

On December 2, 2020, the scheduling order issued setting deadlines in this matter. (ECF No. 14.) The schedule has been modified numerous times to accommodate the parties' ongoing discovery needs. (See ECF Nos. 22, 37, 58.) The parties have also appeared before the Court both formally and informally to address discovery disputes on numerous occasions. (See ECF Nos. 24, 27, 28, 34, 47.)

As noted above, the instant dispute concerns certain discovery requests served with Plaintiff's Request for Production of Documents, set three ("RPD"), Special Interrogatories, set two ("SI"), and Requests for Admissions, set two ("RFA"). More specifically, Plaintiff takes issue with Defendant's responses to RPD Nos. 2, 6–11, and 14–15; SI Nos. 15, 16, 19, 21(d); and RFA No. 25, as deficient.

On April 27, 2022, the parties requested an informal discovery dispute hearing be scheduled. (ECF No. 56.) On April 28, 2022, the parties filed their joint informal discovery

dispute letter brief. (ECF No. 57.) On April 29, 2022, counsel for the parties (as noted above) appeared before the Court by videoconference at the informal discovery dispute hearing. (ECF No. 59.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26 allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rules 33, 34, and 36 govern interrogatories, requests for production and requests for admissions, respectively. Under these rules, a party may make a request related to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 36(a) (request for admission may relate to facts, the application of law to fact, or opinions about either; or the genuineness of any described documents).

Under Rule 33, each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Grounds for objecting must be stated with specificity and any ground not stated in a timely objection is deemed waived unless the Court otherwise excuses the failure. Fed. R. Civ. P. 33(b)(4).

Rule 34 provides for the production or inspection/copying/testing/sampling of

> (A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a

3

>>reasonably usable form; or
>>
>>(B) any designated tangible things. . .

Fed. R. Civ. P. 34(a). A request must describe with reasonable particularity each item or category of items to be inspected; must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and may specify the form or forms in which electronically stored information is to be produced. Fed. R. Civ. P. 34(b)(1). A party's response to a request for production must — as to each item or category requested — either state that the production will occur or "state with specificity the grounds for objecting to the request, including the reasons. . . An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B)–(C).

As relevant here, Rule 36 provides that if a matter in a request for admissions is not admitted,

> the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Alternatively, the party may object to the request by stating the grounds for the objection. Fed. R. Civ. P. 36(a)(5). If the requesting party deems a response to a request for admissions deficient, she "may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. Fed. R. Civ. P. 36(a)(6).

Finally, Rule 37 provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a

4

designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

## III.

## DISCUSSION

### A.   Failure to Comply with Express Page Limit

As an initial matter, the Court notes the parties' joint dispute letter exceeded the four-page limit set out in this Court's standing order for informal discovery disputes procedures. As expressly noted in the order, "[l]etter briefs which exceed the page limitations set forth herein will be disregarded by the Court after the page limit is exceeded." INFORMAL DISCOVERY DISPUTES PROCEDURES FOR MAGISTRATE JUDGE STANLEY A. BOONE, CASE MANAGEMENT PROCEDURES, https://www.caed.uscourts.gov/caednew/index.cfn/judges/ass-judges/50161/ (last visited Apr. 29, 2022). The parties have attended multiple conferences to date in this action and are therefore expected to be well-versed and compliant with this Court's standing orders on case management procedures.

Notwithstanding the foregoing, in the interests of justice, the Court will briefly address the main issues identified and discussed at the informal hearing and provide rulings as to those matters. However, as noted during the informal hearing, the parties are admonished that any further discovery dispute letters filed in this matter which exceed the express page limit set forth in this Court's standing order will be summarily rejected and the informal hearing will be taken off-calendar.

### B.   Ruling

As noted, Plaintiff takes issue with Defendant's responses to RPD Nos. 2, 6–11, and 14–15; SI Nos. 15, 16, 19, 21(d); and RFA No. 25, and seeks an order requiring Defendant to provide further responses. Except as detailed herein, Plaintiff's request is DENIED without prejudice to a renewed request for responses appropriately limited to time, date, and language describing

5

category of document or information sought.

In general, the Court agrees with Defendant's objections that Plaintiff's requests are overly broad, duplicative, and exceed in scope the applicable time period previously agreed to by the parties during prior discovery dispute hearings. For example, RPDs 9 and 10 rely on a definition of "YOU" and "YOUR" that includes Defense counsel; this definition is overly-inclusive, thus Defendant's objections that the requests seek materials protected by attorney-client privilege are well-taken. Moreover, the overly broad nature of the requests implicate a duplication of production. RPD 8 is a good example of a properly narrowly-tailored request for production; Plaintiff's RPDs 9 and 10 must adopt a similar style of specificity if further documents are to be produced. Further, in RPD 10, the timeframe including everything from January 1, 2018 "to the present" exceeds the timeframe previously agreed to by the parties, thus rendering the request overly broad.[1]

With respect to RFA 25, while Plaintiff characterizes the dispute as being one concerning spoliation of evidence, the Court finds the response to her request for admission was appropriate. To the extent Plaintiff contends Defendant has withheld relevant documents responsive to her prior requests, and therefore Plaintiff is challenging the veracity of Defendant's responses, it appears to this Court that the proper remedy is attained at trial, via *motions in limine* to preclude admission of any responsive documents not produced in discovery, and/or on cross-examination.

With respect to SI 21(d), the Court finds Plaintiff's definition for "IDENTIFY" to be excessive and overly burdensome with respect to all the manners in which Plaintiff seeks each document to be identified. In light of the 15,000+ documents that have been produced, it is not unreasonable for Defendant to provide narrowly-tailored descriptions of categories of evidence produced, to the extent that it is plain to the parties what documents these categories relate to. To the extent Defendant provides a response identifying some categories of documents responsive to the request but noting its response is "not limited to" the aforementioned categories, however, Defendant's response is deficient and must be supplemented. For the same reason, Defendant's

---

[1] Further, at the instant hearing, the Court noted even the previously agreed to timeframe was excessive on the back end, as the date of termination was May 4, 2020, and further modified the applicable time frame to: January 21, 2019, through June 30, 2020.

1 reference to the category of "*various* forecasts, *including* daily forecasts," (emphasis added) is
2 also deficient. In supplementing these responses, for example, Defendant should identify the
3 Bates numbers of the particular forecasts it referenced. Finally, the Court is not unsympathetic to
4 Plaintiff's consternation that in response to her request for Defendant to identify all documents
5 relied upon in the termination decision, Defendant only identifies a single document by Bates
6 number, and generally references other categories of documents, "all of which have been
7 produced in supplemental rolling productions" (presumably at some point during the production
8 of the referenced 15,000+ documents), but identifies no other Bates numbers of documents, or
9 otherwise indicates when the responsive documents were produced. Nonetheless, the remedy is
10 at trial, pointing out that Defendant only relied upon the one Bates-numbered document actually
11 identified in response to Plaintiff's request.

12 Finally, with respect to RPD 11, the Court notes Plaintiff's request is denied at this time,
13 in light of the fact that Defendant agreed to review the particular at-issue documents identified by
14 Plaintiff and provide adequate supplemental responses. However, the request is denied without
15 prejudice to renewal if the responses are not sufficiently supplemented, which may also result in
16 an *in camera* review by the Court of the at-issue documents.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff's request is denied except as to SI 21(d) and the matters discussed herein.

IT IS SO ORDERED.

Dated: __**April 29, 2022**__

UNITED STATES MAGISTRATE JUDGE