# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAILEY,<br><br>   Plaintiff,<br><br>   v.<br><br>LINKUS ENTERPRISES, LLC,<br><br>   Defendant. | Case No. 1:20-cv-01407-AWI-SAB<br><br>ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(ECF Nos. 72, 74) |

On July 6, 2022, the Court heard Plaintiff's motion to compel supplemental responses and production to Plaintiff's request for production of documents. (ECF No. 72.) Counsel Charles Taylor appeared on behalf of Plaintiff Jessica Dailey. Counsel Melissa Cerro appeared on behalf of Defendant LinkUs Enterprises, LLC. Both appearances were made in person.

The instant motion seeks an order compelling Defendant to produce further supplemental responses to its production for Plaintiff's Request for Production (RPD), Set Three, No. 11. Request No. 11 seeks "ALL IMAGES sent as attachments to text messages produced by YOU in response to Plaintiff's Request for Production, Set One, that are not readable or viewable as produced." (See ECF No. 74 at 4.) Plaintiff contends several of the text image boxes in the text message production were redacted or did not include readable attachments. Defendant contends

1   the "image boxes" produced in earlier versions of production of the same text message are no
2   longer viewable in the more recent screen shot production due to certain translation errors that
3   occurred with the rendering software, and that no such image messages actually exist.

4   At the hearing, the Court reviewed one example of the purportedly unreadable/missing
5   text messages contained in Defendant's supplemental production: a string of messages
6   sent/received on March 26, 2020.  The production of text messages, as rendered through
7   Defendant's software program (generally) appear as follows:

8                              2020/03/26 13:05:32
9           [smiley face] doh
10                             2020/03/26 13:11:06
11          [image square, unreadable]
12                             2020/03/26 13:14:51
13          [image square, unreadable]
14                             2020/03/26 15:02:53
15          [image square, unreadable]
16          We made Dant a parking spot in Nampa

17  (ECF No. 74-1 at 7.)  Meanwhile, the apparently corresponding screenshot images of the same
18  text message thread that were also produced, appear (generally) as follows:

19          John Macari
20          [frowning-face emoji] doh
21              3/26/20 4:02 PM
22          John Macari
23          We made Dant a parking spot in Nampa

24  (ECF No. 74-3 at 16.)

25   Plaintiff argues the reason unreadable image squares appear in the production of texts
26  rendered through Defendant's software but do not appear in the screenshots production is because
27  the messages were deleted from the phone by its owner before the screenshots were provided to
28  counsel.  Defendant disputes this contention and argues instead that the unreadable image squares

appearing in the production derived from its software program are simply indicative of errors that occurred during the transcription/rendering process.  The Court finds both parties' arguments appear plausible.  However, absent a forensic analysis or explanation of the software process from a person most knowledgeable, the Court simply does not have enough facts presently before it to make a factual determination as to what the unreadable images boxes constitute or why they exist on the software-rendered production but are not visible in the screenshots production.

Accordingly, and pursuant to the agreement by the parties at the hearing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to compel (ECF No. 72) is CONTINUED to **August 31, 2022,** at **10:00 a.m.**, in Courtroom 9; and

2. Prior to the date of the hearing, Defendant shall produce to Plaintiff the phone from which the screenshots represented in Defendant's production were taken, so that Plaintiff may conduct a forensic analysis of the phone.  Such analysis shall be limited at this time to the message threads pertaining to March 26, 2020.  Depending on the results of the analysis and if the matter remains unsettled, the Court may order further forensic analysis of the phone, require an *in camera* review, and/or require an evidentiary hearing.[1]

IT IS SO ORDERED.

Dated:   **July 7, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are further reminded that, should any additional dispute arise, the Court's informal discovery procedures also remain available to assist the parties in resolution of this matter.

3